IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles W. Carter, | : | |
| Plaintiff, | : | Case No. 2:05-cv-380 |
| v. | : | JUDGE MARBLEY |
| Reginald Wilkinson et al., | : | MAGISTRATE JUDGE KEMP |
| Defendants. | : | |

ORDER

On January 3, 2006 the Magistrate Judge issued an Report and Recommendation (doc. #37) recommending that all of Charles W. Carter's claims be dismissed pursuant to 28 U.S.C. §1915(e)(2) and/or §1915A for failure to state a claim upon which relief could be granted.  On January 17, 2006, Mr. Carter filed objections to the Report and Recommendation.  The matter is now before the Court to consider Mr. Carter's objections *de novo*.  For the following reasons, Mr. Carter's objections to the Report and Recommendation will be overruled and this action will be dismissed.

In Mr. Carter's objection to the Report and Recommendation, Mr. Carter offers new affidavits and statements asserting that he was exposed to second-hand smoke while incarcerated at Ross Correctional Institute.  Objection to the Report and Recommendation at p. 3.  Nevertheless, a review of Mr. Carter's original complaint reveals, as the Report and Recommendation states, that Mr. Carter "fails to identify an actual injury that he sustained as a result of the alleged lack of procedures identifying smoking and nonsmoking inmates."  Report and Recommendation at p. 7.  While Mr. Carter's original complaint identifies smoking inmates being housed in nonsmoking units, the

complaint does not allege that he was in direct contact with any second-hand smoke. Because this Court must review the complaint under 28 U.S.C. §1915(e)(2) and §1915A as *originally* filed, see McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997)("If a complaint falls within the requirements of §1915(e)(2) when filed, the district court should sua sponte dismiss the complaint"), it appears that Mr. Carter lacks standing and fails to state a valid claim.

     Mr. Carter's objections to the Report and Recommendation are OVERRULED. The Report and Recommendation is adopted in its entirety but for the sentence on page 2 that reads: "For the following reasons, this Court recommends that Mr. Carter's complaint be dismissed under 28 U.S.C. §1915A because the complaint seeks monetary relief against defendants who are immune from such relief." This appears to be an error because the Report and Recommendation subsequently concluded (1) that the defendants are not immune and (2) the complaint should be dismissed for failing to state a valid claim. This action is DISMISSED. The Clerk shall mail a copy of the complaint and this order to the defendants.

                                            s/Algenon L. Marbley
                                            Algenon L. Marbley
                                            United States District Judge