IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles William Carter,          :

    Plaintiff,               :

  v.                           :     Case No. 2:05-cv-0380

Reginald A. Wilkinson, et al.,   :     JUDGE MARBLEY

    Defendants.              :

<u>REPORT AND RECOMMENDATION AND ORDER</u>

    This prisoner civil rights case is before the Court following a remand from the United States Court of Appeals for the Sixth Circuit.  After that remand, and after a status conference with the Court, Mr. Carter filed a motion for a preliminary injunction and also moved for leave to supplement his complaint.  He has also requested that the defendants who are not employed by the Ohio Department of Rehabilitation and Correction (the "non-ODRC Defendants") reimburse him for the costs he incurred in serving them with the complaint.  Those defendants have all moved to dismiss the complaint, but that motion is not yet ripe for decision.  This Report and Recommendation and Order will deal with the other pending matters.

I.

    In his motion for a preliminary injunction, Mr. Carter alleges that his "excess" legal materials - anything that will not fit in 2.4 cubic feet, which is the amount of storage space typically allotted to a state inmate - has been removed by officials of his institution and stored in a vault.  He asserts that he has access to these materials only every 30 days.  He claims that this makes his prosecution of this case inefficient.  He has asked the Court to issue an order directing that he be

given a second storage box and that he be granted an exemption from the 2.4 cubic foot rule.  The defendants have not taken a position on this request.

Federal courts are typically reluctant to intervene in the day-to-day operation of state prisons, even when an inmate's constitutional rights are implicated in that operation, unless the challenged prison regulation is not reasonably related to legitimate penological goals.  See Turner v. Safley, 482 U.S. 87 (1987).  Obviously, prisons must have some space limitations on the amount of property possessed by inmates, and such regulations are ordinarily upheld even in the face of a constitutional challenge unless the effect of the regulation is to deprive an inmate completely of the right to access the courts.  Green v. Johnson, 977 F.2d 1383 (10th Cir. 1992); Savko v. Rollins, 749 F.Supp. 1403 (D. Md. 1996).

Here, Mr. Carter has not alleged that he is unable to litigate this case.  Rather, he asserts that because of the removal of some of his materials, he may be unable to meet certain time constraints imposed by the Court.  That is not a complete denial of access to the courts.  Mr. Carter may either obtain an extension of time if he needs to access material stored in the vault, or he may exchange non-essential material for matters relating to this case in such a way that he can keep current.  Consequently, it does not appear that he will suffer an irreparable injury if the Court refuses to grant him relief.  The Court notes that a similar request for relief has recently been denied by this Court.  See Eberle v. Wilkinson, 2005 WL 1984435 (S.D. Ohio Aug. 17, 2005) (Frost, J.).  Consequently, it will be recommended that the motion for a preliminary injunction be denied.

II.

Mr. Carter has also moved for leave to file a supplemental

complaint and has submitted the supplemental complaint. In it, he describes matters which have occurred since the filing of the original complaint. Those matters appear to relate to the same subject matter, exposure to second-hand tobacco smoke. The defendants have not opposed the motion. Consequently, that motion will be granted and the Clerk will be directed to issue summons with respect to the supplemental complaint as to the newly-named defendants.

III.

Finally, Mr. Carter has filed a motion for recovery of the costs he incurred in serving the non-ODRC Defendants. He claims that they unreasonably failed to waive service. In response, they assert that no request for waiver of service was ever made. Mr. Carter does not dispute that fact.

Although Mr. Carter is proceeding *pro se*, he is required to comply with the applicable Federal Rules of Civil Procedure just like any other litigant. Rule 4(d), which deals with waiver of service, specifically provides that in order to take advantage of the waiver process, "the plaintiff may notify...a defendant of the commencement of the action and request that the defendant waive service of a summons." Specific matters are required to be in the notice and request as described in Rule 4(d)(2). The notice must be accompanied by a pre-paid means of compliance in writing. Because Mr. Carter concedes that he did not follow this Rule, he is not entitled to recover any costs of service. The imposition of such costs may only be made upon a defendant who "fails to comply with a request for a waiver" under Rule 4(d)(2).

IV.

For the foregoing reasons, the Court RECOMMENDS that the motion for preliminary injunction (#55) be denied. The Court further ORDERS that the motion for leave to file a supplemental complaint (#59) is GRANTED. The Clerk's office shall promptly

issue summons for the new defendants.  The motion for recovery of costs of service (#67) is DENIED.

### PROCEDURE ON OBJECTIONS TO REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

### PROCEDURE ON OBJECTIONS TO ORDER

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting

party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge