IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles William Carter,           :

    Plaintiff,                :

  v.                              :    Case No. 2:05-cv-0380

Reginald A. Wilkinson, et al.,    :    JUDGE MARBLEY

    Defendants.              :

ORDER

    This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on December 5, 2008 (#85). The Magistrate Judge recommended that the motion to dismiss filed by defendants Betty Montgomery, Jim Petro, Todd R. Marti, and J. Eric Holloway (#70) be granted. The Magistrate Judge further recommended that the motions to dismiss of the remaining defendants (##78,79) be denied, but ordered that the plaintiff, Charles William Carter, properly effect service on these defendants within 90 days. On December 19, 2007, Mr. Carter filed an objection (#88) to the Report and Recommendation. For the following reasons, the Court will overrule Mr. Carter's objection and adopt the Report and recommendation in its entirety.

    When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "shall make a _de novo_ determination of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the

magistrate judge with instructions." Id., see also 28 U.S.C. §636(b)(2)(B).

Mr. Carter contends that he should not have to effect service upon the remaining in conformity with Local Rule 4.2 because this provision allegedly conflicts with Rule 83 of the Federal Rules Of Civil Procedure.  Local Rule 4.2 permits a plaintiff to comply with Fed. R. Civ. P. 4(e) and Ohio law by addressing an envelope to each defendant, placing a copy of the complaint and summons in the envelope, affixing a return receipt card to the outside of the envelope listing the sender as the Clerk of the District Court, and delivering the envelope with sufficient postage to the Clerk of this Court.  Mr. Carter maintains that it is impossible for him to comply with this procedure due to applicable prison policies and postal regulations.

Rule 83(a)(2) provides that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply."  Mr. Carter argues that his failure to comply with Local Rule 4.2 is not willful and that the local rule should not be enforced so as to deprive him of a manner in which he can effect service on the remaining defendants.

Mr. Carter misapprehends the nature of Local Rule 4.2. Rather than constituting an obstacle to his achieving service, the rule actually provides him with a method to utilize certified mail to obtain service that is compatible with both the federal and state rules of procedure.  Without this mechanism, Mr. Carter would be forced to serve each defendant either personally or by leaving a copy of the complaint and summons at the defendant's dwelling or usual place of abode.  See Fed. R. Civ. P. 4(e)(2). Neither of these alternatives would appear to be satisfactory given Mr. Carter's incarceration.

Moreover, the docket indicates that the remaining defendants were, in fact, subsequently served by certified mail within 90 days pursuant to the procedure outlined by Local Rule 4.2.  Mr. Carter, therefore, has not been prejudiced by operation of this local rule, and his objection to the Magistrate Judge's Report and Recommendation on this ground appears to be moot.

Mr. Carter has also objected to the dismissal of defendants Montgomery, Petro, Marti, and Holloway based on the doctrine of absolute prosecutorial immunity.  He argues that their alleged failure to enforce the state's prohibition on smoking and tobacco usage, Ohio Rev. Code §5145.32, and to deny the other defendants representation by the attorney general under Ohio Rev. Code §109.362(A) voids their immunity.  Mr. Carter's position is based at least in part on his contention that the Attorney General is the chief law enforcement officer for the State of Ohio.

The Court has reviewed Mr. Carter's argument de novo and rejects it for the same reasons cited by the Magistrate Judge. Neither the Ohio Attorney General nor the Assistant Attorneys General assigned to the Corrections Litigation Section of that office bear any responsibility for conditions within the state prisons.  The fact that the Attorney General may in a broad sense be regarded as the state's chief law enforcement officer creates a duty owed merely to the public at large and not to any particular person.

Similarly, Ohio Rev. Code §109.362(A), which requires the attorney general to conduct an investigation into whether a state officer or employee acted manifestly outside the scope of his or her official responsibilities, with malicious purpose, in bad faith, or in a wanton or reckless manner, does not create a duty that is owed to a plaintiff who is suing that state employee. Rather, this duty is owed to the state officer or employee who requests state-sponsored legal representation pursuant to

§109.361.  See Walton v. Ohio Dept. of Health, 832 N.E.2d 790, 796 (Ohio Ct. App. 2005).  If the Attorney General denies such representation on the basis of his investigation, §109.364 provides a remedy for the recovery of private litigation expenses in the Ohio Court of Claims if it can be shown that the officer or employee was, in fact, entitled to representation. Id.

On the other hand, "[a]n initial determination to represent and defend the officer or employee does not prohibit a later determination that the requirements [for such representation] have not been met." Ohio Rev. Code §109.362(A). Accordingly, the decision by defendants Montgomery, Petro, Marti, and Holloway to represent and defend the other state defendants is a provisional one.  If Mr. Carter later shows that the other state defendants acted manifestly outside the scope of their employment or responsibilities, with a malicious purpose, in bad faith, or in a wanton or reckless matter, the attorney general at that time could determine that these officers or employees are no longer entitled to state-sponsored representation.  Consequently, Mr. Carter has not suffered any harm as the result of the attorney general's initial determination to provide the defendants with such representation.

Lastly, Mr. Carter contends that the doctrine of res judicata bars the defendants from raising the issues of service of process and immunity because these arguments could have been raised in the Court of Appeals, but were not.  As pointed out by the Magistrate Judge, the only issue before the Court of Appeals was whether Mr. Carter had alleged a sufficient injury in fact so as to confer standing to bring this action.  Although this standing issue was resolved in his favor, that decision did not relieve Mr. Carter of his burden to establish the other elements of an action under §1983, nor did it preclude the defendants from

-4-

asserting affirmative defenses such as insufficiency of service of process or absolute prosecutorial immunity.

Based on the foregoing reasons, the Court overrules Mr. Carter's objection (#88) and adopts the Magistrate Judge's Report and Recommendation (#85) in its entirety.  The motion to dismiss filed by defendants Montgomery, Petro, Marti, and Holloway (#70) is granted.  The motions to dismiss (##78,79) filed on behalf of the other defendants are denied.

    s/Aglenon L. Marbley
Algenon L. Marbley
United States District Judge