IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles William Carter,          :

    Plaintiff,              :

  v.                             :     Case No. 2:05-cv-0380

Reginald A. Wilkinson,           :     JUDGE MARBLEY
et al.,
    Defendants.             :

<u>OPINION AND ORDER</u>

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on January 8, 2009 (#126). The Magistrate Judge recommended that the motion for judgment on the pleadings (#115) filed by numerous defendants employed by the Ohio Department of Rehabilitation and Correction be granted in part and denied in part. On January 21, 2009, Mr. Carter filed an objection (#130) to the Report and Recommendation. On March 17, 2009, defendants Carol, Guy, Taylor, Hewitt, Barnett, Hughes, McCrew, Bell, Taylor, Arledge, Duncan, and Callens also filed an objection (#136) to the Report and Recommendation. For the following reasons, the Court will overrule each of the objections and adopt the Report and Recommendation in its entirety.

I.

The Magistrate Judge determined that Mr. Carter had failed to allege any personal involvement on the part of several defendants and that his claims against those defendants were based strictly on the doctrine of <u>respondeat</u> <u>superior</u>. Because a state official is not liable for monetary damages under 42 U.S.C. §1983 unless he or she actually participates in or encourages the

alleged unconstitutional behavior, see Monell v. Department of Social Services, 436 U.S. 658 (1978), the Magistrate Judge recommended that the plaintiff's claims against defendants Wilkinson, Eleby, Hurley, Upchurch, Whitten, Coval, Lisath, Payne, Younker, Hall, Lacy, Lawless, Bain, Captain Price, Vaught, Warren, Lieutenant Price, Turner, Powers, Simmons, Kearns, Cunningham, Shoop, Jones, and Henry be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).  The Magistrate Judge also recommended that Mr. Carter's conspiracy claim under §1983 be dismissed as to all defendants because the complaint failed to allege with the requisite degree of specificity the elements of such a claim, including an agreement or meeting of the minds among the purported conspirators and any overt actions in furtherance of the conspiracy.

   The Magistrate Judge rejected the defendants' contention that Mr. Carter had not pleaded a cognizable injury and consequently lacked Article III standing to assert his constitutional claims.  This Court, in screening the complaint pursuant to 28 U.S.C. §1915(e)(2) and 1915A, initially dismissed the complaint for want of standing.  On appeal, the Sixth Circuit Court of Appeals reversed the decision to dismiss after determining that Mr. Carter had properly alleged that (1) he has suffered or will imminently suffer an injury; (2) the injury is fairly traceable to the defendants' conduct; and (3) a favorable federal court decision is likely to redress the injury.  Consequently, the Court of Appeals held that Mr. Carter has standing to pursue his claimed violation that the defendants failed to establish procedures to identify and separate tobacco and non-tobacco using inmates for housing purposes in violation of the Eighth Amendment to the Constitution.  The case was remanded to this Court with instructions to provide the plaintiff with an opportunity to prove his claim.  The Magistrate Judge

concluded that under the law of the case doctrine and the mandate rule, the standing issue had been resolved in Mr. Carter's favor and was not open for reconsideration.

The Magistrate Judge also considered the defendants' argument that they were entitled to qualified immunity. He determined that with regard to the defendants who were not alleged to have been personally involved in the alleged unconstitutional conduct, no further analysis was required. See Bukowski v. City of Akron, 326 F.3d 702, 708 (6th Cir. 2003)(court need not reach "clearly established" prong of qualified immunity analysis where officials did not violate plaintiff's due process rights). The Magistrate Judge, accepting all well-pleaded allegations in the complaint as true, determined that the remaining defendants had not shown that they were clearly entitled to qualified immunity. The Magistrate Judge viewed the defendants' qualified immunity arguments as simply a variation on their contention that Mr. Carter had suffered no cognizable injury. He, therefore, rejected their claim that the right asserted by Mr. Carter was not clearly established and that their actions were objectively reasonable. As a result, the Magistrate Judge recommended that the motion for judgment on the pleadings be denied with respect to the remaining defendants.

II.

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id., see also 28 U.S.C. §636(b)(2)(B).

III.

Mr. Carter objects to the proposed dismissal of defendants Wilkinson, Eleby, Hurley, Upchurch, Whitten, Coval, Lisath, Payne, Younker, Hall, Lacy, Lawless, Bain, Captain Price, Vaught, Warren, Lieutenant Price, Turner, Powers, Simmons, Kearns, Cunningham, Shoop, Jones, and Henry from this action. He argues that only through the deliberate indifference of these defendants were the remaining defendants able to do what they did, i.e. refuse to enforce the tobacco laws. Mr. Carter claims that once Terry Collins, the new director of the ODRC, took over, he stopped the sale of all tobacco products in the prison commissaries and decreed that any ODRC employee who brought tobacco products into the prisons would be fired. Mr. Carter believes that such drastic action was the only way to enforce the tobacco laws and overcome the alleged deliberate indifference of the supervisory officials at the Ross Correctional Institution where he was incarcerated.

Mr. Carter also compared the level of enforcement at RCI with that of the Lebanon Correctional Institution, where he was formerly held. He asserts that at LCI authorities created sound procedures to enforce the tobacco-free zones. These included a review of the record of any inmate requesting tobacco-free housing to see if that inmate had ever purchased tobacco products or been seen in possession of such products. When an inmate was transferred to tobacco-free housing, corrections officers searched his belongings and patted him down to ensure he had no tobacco products. In contrast, according to Mr. Carter, corrections officers at RCI allowed inmates to move into tobacco-free units with tobacco products clearly visible among their possessions. Mr. Carter further states that in the event a prisoner assigned to a tobacco-free unit at LCI was caught with

tobacco, the prisoner was evicted and could not even request tobacco-free housing for a year.

Mr. Carter points to three examples that he believe show deliberate indifference to the tobacco laws by RCI authorities. The first involves the posting of a notice in Unit 8A that if stealing by inmates continued, sanctions would be imposed, including the enforcement of the "no smoking" rules. Mr. Carter believes this is a clear indication that RCI authorities knew that the tobacco laws were being violated and that they could stop the smoking if only they wanted to. The second example is a denial by the Chief Inspector of a grievance appeal filed by inmate Kevin Nivens. Inmate Nivens had requested smoke-free housing due to his asthma condition. The Chief Inspector answered that because all units were now smoke-free, the inmate's request was moot. According to Mr. Carter, the Chief Inspector clearly did not investigate the situation and simply did not have a clue as to the alleged lack of enforcement of the tobacco laws at RCI. The third example is contained in a daily institutional transfer report noting the death by natural causes of Inmate Henderson. Mr. Carter heard that this inmate suffered from asthma and was standing in front of the corrections officer's desk when he collapsed during an attack and died. Mr. Carter asserts that the cause of his death was second-hand smoke resulting from the defendants' deliberate indifference.

All of Mr. Carter's arguments and examples of what he perceives as deliberate indifference stem from an alleged failure to act on the part of supervisory officials at RCI and ODRC. That defendant Wilkinson could have done more to achieve a smoke-free environment in the designated tobacco-free units throughout Ohio's prison system is not enough to subject him to damages under §1983. See Stewart v. Taft, 235 F.Supp.2d 763, 767 (N.D. Ohio 2002)("supervisory liability under §1983 cannot attach where

the allegation of liability is based upon a mere failure to act"). The claim that officials at LCI enforced the tobacco rules and regulations more strictly than officials at RCI, even if true, is likewise insufficient to impose liability against the supervisory defendants at RCI under §1983 absent an affirmative allegation that these defendants were personally involved in failing to insure that inmates currently using tobacco were not placed in tobacco-free units or actively encouraged this practice. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Similarly, Mr. Carter fails to allege that any of the defendants were personally responsible for posting the notice he attached as Exhibit AS-1. The Chief Inspector's alleged failure to conduct an adequate investigation of Inmate Henderson's grievance, as well as his "cluelessness" about widespread tobacco use at RCI despite the current prohibition of all tobacco use in Ohio's prisons, also does not state a proper claim for damages under §1983. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)(prison officials cannot be held liable under §1983 for failing to respond to grievances that alert them to unconstitutional actions). Lastly, Mr. Carter has not alleged that any of the defendants were responsible for the conditions in the unit where Inmate Henderson was housed.

 Mr. Carter expressly relies on the doctrine of respondeat superior in his objection to "prove" his claims. Because liability for §1983 claims cannot rest on this doctrine, see Monell, supra, the Magistrate Judge properly recommended that defendants Wilkinson, Eleby, Hurley, Upchurch, Whitten, Coval, Lisath, Payne, Younker, Hall, Lacy, Lawless, Bain, Captain Price, Vaught, Warren, Lieutenant Price, Turner, Powers, Simmons, Kearns, Cunningham, Shoop, Jones, and Henry be dismissed from this action.

IV.

The non-supervisory defendants raise four arguments in their objection to the Report and Recommendation. First, they contend that Mr. Carter has not shown an actual and direct injury as required by the Prison Litigation Reform Act or as necessary to meet the standing requirements of Article III of the Constitution. Second, they maintain that the complaint should be dismissed because Mr. Carter failed to exhaust all of the administrative remedies set forth in Ohio Admin. Code §5120-9-31. Third, they posit that qualified immunity shields them from all liability for damages allegedly caused by their actions. Fourth, they argue that Mr. Carter's claims should be dismissed because his allegations are vague and conclusory. The Court will address each of these arguments in turn.

A.

The Magistrate Judge correctly determined that the decision of the Court of Appeals in this case forecloses any further argument that Mr. Carter lacks Article III standing. See Westside Mothers v. Olszewski, 454 F.3d 532, 538 (6th Cir. 2006)(law of the case doctrine and complementary "mandate rule" binds trial court to proceed in accordance with decision and instructions of appellate court). The defendants may be attempting to get around this obstacle by offering the affidavit of Charles Heiss, the administrative assistant to the warden at RCI, to show that since January 2009 no tobacco products have been available for sale at RCI and that, as of March 1, 2009, the entire facility has been designated tobacco-free. As this Court has previously recognized, however, standing is to be determined as of the time a case is commenced and not by subsequent events. See Wedgewood Limited Partnership I v. Township of Liberty, Ohio, 456 F.Supp.2d 904, 926-27 (S.D. Ohio 2006) (internal citations and quotation marks omitted). As a result, "the proper inquiry

is whether a plaintiff was suffering or had suffered an actual injury *at the time a complaint was filed*." Id. (emphasis in original). The Court of Appeals previously determined that Mr. Carter had standing at the time he filed his complaint. Therefore, even were the Court to consider the affidavit on a motion for judgment on the pleadings, this fact will not change.

The record is clear that the defendants did not raise the issue that Mr. Carter failed to meet the "physical injury" requirement of the PLRA in their motion for judgment on the pleadings. While the defendants are entitled to a de novo review of those portions of the Report and Recommendation to which they object, they are not entitled to de novo review of an argument never presented to the Magistrate Judge. See Borden v. Secretary of Health and Human Services, 836 F.2d 4, 6 (1st Cir. 1987)(per curiam); United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992)(matters first raised in an objection to a magistrate judge's report and recommendation not properly before district court); see also Clarke v. Careercom Corp., 961 F.2d 1576 (table), 1992 WL 102568 at *1 (6th Cir. May 13, 1992)(citing Borden). Accordingly, the Court will not decide the defendants' statutory arguments in the first instance in the context of the their objection to the Report and Recommendation.

B.

The Court notes that the defendant's exhaustion argument was similarly not presented to the Magistrate Judge. If the defendants had raised this argument in their motion for judgment on the pleadings, it would likely have been rejected. The failure to exhaust administrative remedies under the PLRA is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Consequently, a complaint may be dismissed for failure to state a claim only when the failure to exhaust appears on its face. Id. at 215. "[O]nly in rare cases will a district court be able to

conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse." Aguilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007). The Court has reviewed Mr. Carter's complaint and amended complaint along with his attachments. Based on its review, the Court does not conclude that Mr. Carter's purported failure to exhaust his administrative remedies is so apparent that the defendants are entitled to judgment.

C.

The non-supervisory defendants claim that they are entitled to qualified immunity for the following reasons:(1) Mr. Carter has failed to state a claim for any constitutional violation and thus cannot prove a constitutional claim; (2) Mr. Carter cannot show that the right he claims the defendants violated was clearly established because there is no applicable Supreme Court or Sixth Circuit precedent recognizing a constitutional violation where the plaintiff suffers no cognizable injury; and (3) Mr. Carter cannot establish that the defendants' actions were objectively unreasonable because he has alleged no facts constituting a claimed constitutional violation. As the Magistrate Judge correctly concluded, the defendants' qualified immunity claim is simply a reformulation of their argument that Mr. Carter lacks Article III standing. Upon reducing the defendants' course of reasoning to its elements, it is apparent that each of their arguments for qualified immunity is meritless. As the Sixth Circuit previously determined, Mr. Carter *has* stated a constitutional claim. The contention that there is no "clearly established" right misses the mark because, as the Sixth Circuit previously determined, Mr. Carter sufficiently alleged that he *has* suffered a cognizable constitutional injury. Finally, in light of the Sixth Circuit's decision, the defendants simply cannot maintain that Mr. Carter

has alleged no facts constituting a claimed constitutional violation.  Upon de novo review, the Court concludes that on the present record defendants Carol, Guy, Taylor, Hewitt, Barnett, Hughes, McCrew, Bell, Taylor, Arledge, Duncan, and Callens are not entitled to qualified immunity.

D.

The defendants' final argument is that the complaint should be dismissed because Mr. Carter's allegations in the complaint and amended complaint are so vague and conclusory that the defendants should not have "to rummage through a hay stack to find the needle which is the alleged cause of action."  Although the defendants made a somewhat similar argument with respect to the plaintiff's conspiracy allegations, it is not clear that they made this specific argument to the Magistrate Judge.  Assuming that this argument has been preserved, the Court is not persuaded that the complaint and amended complaint are so vague and conclusory as to justify dismissal.  In fact, the Sixth Circuit was able to distill from these same pleadings a succinct claim by Mr. Carter that the defendants failed to establish procedures to identify and separate tobacco and non-tobacco using inmates for housing purposes in violation of the Eighth Amendment to the Constitution.  This appears to be the needle for which the defendants were rummaging.

V.

Based on the foregoing reasons, the Court overrules the objections (## 130, 136) and adopts the Magistrate Judge's Report and Recommendation (#126) in its entirety.  The motion for judgment on the pleadings (#115) is granted in part and denied in part consistent with the Report and Recommendation and this Opinion and Order.  The Clerk is instructed to terminate defendants Wilkinson, Eleby, Hurley, Upchurch, Whitten, Coval, Lisath, Payne, Younker, Hall, Lacy, Lawless, Bain, Captain Price,

Vaught, Warren, Lieutenant Price, Turner, Powers, Simmons, Kearns, Cunningham, Shoop, Jones, and Henry as parties to this action.

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge