IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles William Carter,          :

    Plaintiff,               :

  v.                            :   Case No. 2:05-cv-380

Reginald A. Wilkinson, et al.,   :   JUDGE MARBLEY

    Defendants.              :

<u>ORDER</u>

    On August 20, 2009, plaintiff Charles William Carter filed two motions asserting that he was not served with a copy of his deposition relied upon by defendants in their response to plaintiff's motion for summary judgment.  Mr. Carter's first motion, captioned as a motion to stay, essentially requests an extension of time to file his reply.  In his second motion, captioned as a motion to strike, Mr. Carter contends that, without a copy of his deposition, he is unable to address the issues raised in defendants' response.  According to Mr. Carter, defendants have taken much of his testimony out of context resulting in their use of "false and/or twisted misleading statements" to challenge his motion for summary judgment.  In light of Mr. Carter's filings, the Court issued a show cause order directing defendants to explain why they did not serve a copy of the transcript in connection with their response.  Defendants responded to the show cause order on August 26, 2009.

    According to defendants, Mr. Carter was permitted access to his deposition when he signed it and completed the errata sheet.  Defendants contend that Mr. Carter was not given a free copy of the deposition at their expense because he is not indigent and is capable of bearing his own litigation costs.  Moreover,

defendants note, even *pro se*, indigent litigants are not entitled to a transcript without paying the required fee.

While the Court is aware of the general rule regarding a litigant's obligations, the Court finds that rule inapplicable here. This is not a situation where Mr. Carter simply wants a copy of his deposition for his own records or to use to support his position in the first instance. While expressing concern over the livelihood of court reporters, defendants seem to ignore the more fundamental issue here - Mr. Carter's ability to meaningfully reply in support of his motion for summary judgment without the benefit of his deposition testimony put in issue by the defendants.

The Court concludes that the defendants should recognize their obligation to serve copies of any evidentiary materials used to support their response, even if this means providing a copy of the transcript to Mr. Carter. It was the defendants who chose to rely on Mr. Carter's entire deposition transcript rather than to rely on select excerpts which presumably could have been attached as an exhibit to their response. Certainly, had defendants chosen to rely on affidavits or other discovery responses to support their position, they would have been required to serve copies of such documents on Mr. Carter. This requirement is not excused simply because defendants opted to rely on the entire transcript as evidentiary material.

Moreover, the Court does not believe that the filing of the transcript as part of the record for the Court's use in considering the motion forecloses defendants' obligation to provide a copy to Mr. Carter under these circumstances. See Oleson v. United States of America, 2006 WL 3019937 (W.D. Wisc. April 13, 2006)("Of course, if defendant were to submit the transcript of plaintiff's ... deposition to the court in connection with an appropriate motion, it would be required to

2

serve a copy of its submission on plaintiff."); see also Levi v. Director of Corrections, 2006 WL 845733 (E.D. Cal. March 31,2006) (distinguishing circumstance of that case from one where plaintiff suggested that defendants' counsel failed to serve him with those excerpts of the transcript she used in support of her motion for summary judgment).

Further, in the Court's view, Mr. Carter's incarceration serves to distinguish his situation from that presented in Rose v. Wilkinson, 2006 WL 1290262 (N.D. Ohio May 2, 2006). In Rose, an electronic version of the plaintiff's deposition was filed concurrently with the motion for summary judgment. The plaintiff filed a motion to compel, in part, seeking the Court to direct defendants to serve him with a copy of his deposition. The court denied this portion of the motion to compel. In so doing, the court noted that, as a *pro se* litigant, Mr. Rose had a number of options for obtaining a copy of his deposition in addition to obtaining a copy at his own cost from the court reporter. These options included (1) obtaining a copy from the Clerk's office at a per page cost by preparing a copy request form available on the court's website, (2) viewing the deposition online at the public access terminal at the courthouse, or (3) registering to receive "read-only" access to the court's electronic filing system, allowing Mr. Rose to use the system from his own computer. Given Mr. Carter's circumstances, these are not viable options here. Additionally, as set forth above, this Court does not believe that filing the deposition with the Court relieves a party from its obligation to serve a copy when it is being used to support a response to a summary judgment motion.

Based on the foregoing, within ten days, the defendants shall serve a copy of his deposition transcript on Mr. Carter. Plaintiff's motion to stay, construed as a motion for an extension of time to file a reply, (#157) is granted. The

plaintiff shall file his reply within twenty days of his receipt of the transcript.  Plaintiff's motion to strike (#158) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge