IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles William Carter,          :

    Plaintiff,              :

    v.                      :     Case No. 2:05-cv-0380

Reginald A. Wilkinson,           :
et al.,                          :     JUDGE MARBLEY

    Defendants.             :

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Charles William Carter has filed a number of motions which are currently pending before the Court. These include a request for leave to reply (#137) to the defendants' objections to the Report and Recommendation, a motion for summary judgment (#141), a motion to strike (#144) the defendants' request for extension of time to respond to his summary judgment motion, a motion for judgment on the pleadings (#153), and a motion for sanctions (#162). For the following reasons, the Court will deny the plaintiff's motions for leave to reply, to strike, and for sanctions. The Court will further recommend that Mr. Carter's motions for summary judgment and for judgment on the pleadings also be denied.

### I. Plaintiff's Request for Leave to Reply to Defendants' Objections

This Court issued a Report and Recommendation on January 8, 2009, regarding the defendants' motion for judgment on the pleadings. Thereafter, both Mr. Carter and the defendants filed objections. Mr. Carter then filed a request for leave to reply to the defendants' objections and included his responses in the body of his motion. Because his reply was filed within ten (10) days after being served with the defendants' objections, no leave

was even required.  See former Fed.R.Civ.P. 72(b)(2).  On March 30, 2009, Judge Marbley overruled the objections of both Mr. Carter and the defendants and adopted the Report and Recommendation in its entirety.  As a result, Mr. Carter's request for leave to reply became moot.  Accordingly, his request for leave to reply will be denied.

   II. Plaintiff's Motion to Strike Defendants' Request for Extension of Time

   On May 11,2009, the remaining defendants requested a one-month extension of time to respond to Mr. Carter's summary judgment motion.  The Court granted this request.  On June 8, 2009, Mr. Carter moved to strike the defendants' request. Because the Court had already granted the extension, Mr. Carter's motion to strike serves no purpose and will be denied.

   III. Plaintiff's Motion for Sanctions

   Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part that "[a] motion for sanctions must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service ...."  Fed.R.Civ.P. 11(c)(2).  The Sixth Circuit Court of Appeals has held that "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court." Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997), cert. denied, 522 U.S. 1046 (1998). Because there is no evidence that Mr. Carter complied with the "safe harbor" provision, his motion for sanctions will be denied on that basis alone.  The Court need not determine whether or not sanctions would have been warranted under Rule 11 if Mr. Carter had, in fact, complied with the requisite procedure.

   IV. Plaintiff's Motion for Summary Judgment

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed.R.Civ.P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion.

Mr. Carter seeks damages and other relief arising out of his alleged exposure to second-hand smoke. His sole claim stems from the defendants' alleged violation of his right to be free from cruel and unusual punishment under the Eighth Amendment and is

3

based on the Supreme Court's decision in Helling v. McKinney, 509 U.S. 25 (1993).  In Helling, the Supreme Court held that an inmate could state a claim under the Eighth Amendment for potential harm caused by exposure to environmental tobacco smoke ("ETS").  Id. at 35.

The mere fact that an inmate, even one with a lung condition, is exposed to tobacco smoke in the prison setting is not enough, however, to demonstrate that the inmate's Eighth Amendment right to be free from cruel and unusual punishment has been infringed.  As the Court of Appeals explained in Talal v. White, 403 F.3d 423(6th Cir. 2005):

> The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on a prisoner by acting with 'deliberate indifference' to the prisoner's serious medical needs. Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir. 2004) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The test for determining deliberate indifference based on exposure to ETS has both objective and subjective components. Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). To satisfy the objective component, a prisoner must show that his medical needs are 'sufficiently serious.' Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The exposure to smoke must cause more than 'mere discomfort or inconvenience.' Id. at 735. Additionally, the prisoner must demonstrate that the risk is one which society deems 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.' Helling, 509 U.S. at 36, 113 S.Ct. 2475. To satisfy the subjective component, a prisoner must show that prison authorities knew of, and manifested deliberate indifference to, his serious medical needs. Id. at 32, 113 S.Ct. 2475.

Talal, 403 F.3d at 426.

Mr. Carter states in his deposition that he has high cholesterol and that he suffered a mini-stroke in 2006.  He denies having heart disease, high blood pressure, or any other chronic medical condition.  He recovered from the mini-stroke

4

within one to two hours, and no similar episodes have occurred since that single incident in 2006.  Mr. Carter has not been exposed to ETS since March 1, 2007.

Apart from his deposition testimony, nothing appears in the record to substantiate either his high cholesterol or the mini-stroke.  Assuming that these conditions do, in fact, exist and that they constitute serious medical needs, Mr. Carter must still show either a link between ETS and one of his medical conditions, see Wilcox v. Lewis, 47 Fed.Appx. 714, 715 (6th Cir. 2002) or that the level of ETS to which he was exposed was so high that, irrespective of any specific health condition, the risk of serious damage to his future health was unreasonable, see Green v. Martin, 18 Fed.Appx. 298, 300 (6th Cir. 2001).  See also Palacio v. Hofbauer, 106 Fed.Appx. 1002, 1004 (6th Cir. 2004); Henderson v. Martin, 73 Fed.Appx. 115, 118 (6th Cir. 2003).

Other than his allegations that he was exposed from time to time to second hand smoke because inmates and corrections officers were violating the non-smoking policy in and around his housing unit, Mr. Carter has not shown that the housing unit contained unreasonably high levels of ETS.  Some exposure to tobacco smoke is a fact of everyday life, and it is not readily apparent that the health or well-being of a person who suffers from high cholesterol or who experienced a mini-stroke is adversely affected by periodic exposure to ETS.  Mr. Carter also has not demonstrated a link between his exposure to ETS and the onset of these medical conditions.  Without either showing, there is simply no way the Court can conclude that Mr. Carter has satisfied the objective component of an Eighth Amendment claim based on exposure to ETS.

Because Mr. Carter was required to establish both the objective and the subjective prongs in order to prevail on his claim, it is unnecessary for purposes of his summary judgment

5

motion for the Court to consider whether he has shown that the remaining defendants knew of, and manifested deliberate indifference to, his serious medical needs. Based solely on his failure to satisfy the objective prong, his motion for summary judgment should be denied.

### V. Plaintiff's Motion for Judgment on the Pleadings

A motion for judgment on the pleadings attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979). In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). Pro se complaints are to be construed liberally in favor of the pro se party. Haines v. Kerner, 404 U.S. 519 (1972).

A cursory reading of Mr. Carter's motion reveals that it is not a true motion for judgment on the pleadings. The motion, in fact, does not even refer to Mr. Carter's complaint or the defendants' answer. Mr. Carter instead complains of the defendants' delay in responding to his motion for summary judgment and in scheduling his deposition. He further charges the defendants with obtaining their third extension of time to respond through deception and trickery. The relief he requests is that the Court bar the defendants from responding to his motion for summary judgment and grant that motion as unopposed. The Court, however, has already denied his motion to strike and recommended that his summary judgment motion be denied. Accordingly, the Court also recommends that Mr. Carter's motion for judgment on the pleadings be denied.

### VI. Conclusion

Based on the foregoing reasons, the Court denies Mr. Carter's request for leave to reply (#137) to the defendants' objections to the Report and Recommendation, his motion to strike (#144) the defendants' request for extension of time to respond to his summary judgment motion, and his motion for sanctions (#162). In addition, the Court recommends that Mr. Carter's motions for summary judgment (#141) and for judgment on the pleadings (#153) be denied.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1)(C).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge