IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles William Carter,            :

    Plaintiff,              :

    v.                      :    Case No. 2:05-cv-0380

Reginald A. Wilkinson,             :
et al.,                            :    JUDGE MARBLEY

    Defendants.             :

OPINION AND ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on January 19, 2010 (#166). The Magistrate Judge denied several nondispositive motions filed by the plaintiff, Charles William Carter, and recommended that Mr. Carter's motions for judgment on the pleadings and for summary judgment be denied. On February 3, 2010, Mr. Carter filed a timely objection (#168) with respect to the recommended disposition of his summary judgment motion only. For the following reasons, the Court will overrule Mr. Carter's objection and adopt the Report and Recommendation in its entirety, including the Magistrate Judge's denial of the plaintiff's nondispositive motions.

When objections are received to a report and recommendation on a dispositive matter, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(1)(C).

Mr. Carter initially argues that a lot has been learned about the hazards of environmental tobacco smoke since the United States Supreme Court issued its opinion in Helling v. McKinney, 509 U.S. 25 (1993). He asserts that as a result of this new knowledge, smoking is now banned in restaurants, bars, and other public buildings. He further contends that given the enactment of Ohio Rev. Code §5145.32 in 2000 and Administrative Rule 5120-9-59, exposure to ETS in any unit designated "smoke free" constitutes deliberate indifference to a serious medical danger.

The Court is unsure of what Mr. Carter is objecting to. In considering plaintiff's motion for summary judgment, the Magistrate Judge never reached the issue of whether the defendants were deliberately indifferent due to the fact that Mr. Carter had failed to establish the objective component of his Eighth Amendment claim. Therefore, Mr. Carter's dubious supposition that any exposure to ETS in a "smoke free" unit must arise from deliberate indifference does not implicate any finding made by the Magistrate Judge in the Report and Recommendation. To the extent that Mr. Carter is urging this Court somehow to go beyond the holding in Helling and find that he is entitled to judgment as a matter of law, his objection is not well-taken.

Next, Mr. Carter challenges the Magistrate Judge's statement that he (Carter) has not been exposed to ETS since March 1, 2007. This statement apparently was based on Mr. Carter's deposition testimony that he has not been exposed to ETS since March 1, 2009. See Deposition of Charles William Carter p. 48. The Magistrate Judge's statement thus appears to contain a typographical error. The accuracy of this statement, moreover, has no effect on the Magistrate Judge's finding that Mr. Carter had failed to establish either a causal link between ETS and one or more of his identified medical conditions or that the level of ETS to which he was exposed was so high that the risk of serious

damage to his future health was unreasonable.

Mr. Carter also asserts that the Sixth Circuit Court of Appeals' decision that his allegations of injury from exposure to secondhand smoke or a high risk of future injury satisfied the pleading standard set forth by the Supreme Court operates as res judicata to the issue of future harm.  This decision, however, says nothing about Mr. Carter's obligation under Fed.R.Civ.P. 56(c) to show that there are no genuine issues as to any material fact and that he is entitled to judgment as a matter of law.  To satisfy the objective component of his Eighth Amendment claim, Mr. Carter must prove that he was exposed to unreasonably high levels of ETS and that the risk is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk."  Helling, 509 U.S. at 35 (emphasis in original).  The Court determines that Mr. Carter did not satisfy that burden and therefore is not entitled to summary judgment.  It is not enough to assert that the defendants put him at risk of future injury.

Lastly, Mr. Carter submits a decision by the Juvenile Court of Lake County, Ohio, as evidence proving his allegations. The case of In re Julie Anne, 121 Ohio Misc.2d 20 (2002), involved a custody and visitation proceeding in which the court on its own motion issued an order restraining the mother and her significant other from smoking tobacco in the presence of their healthy minor child.  In rendering its decision, the court found that "secondhand smoke constitutes a real and substantial danger to the health of children because it causes and aggravates serious diseases in children, as evidenced by the judicially-noticed superabundance of authoritative scientific studies demonstrating this conclusion."  Id. at 27.  Despite Mr. Carter's analogy that "Julie Anne is in an environment that she can not get out of, just like the Plaintiff is in an environment he can not get out

of," the Court concludes that In re Julie Anne has no application to the question of whether the plaintiff is entitled to summary judgment on his Eighth Amendment claim.

Based on the foregoing reasons, the Court overrules Mr. Carter's objection (#168) and adopts the Report and Recommendation (#166) in its entirety, including the Magistrate Judge's denial of plaintiff's request for leave to reply (#137), plaintiff's motion to strike (#144), and plaintiff's motion for sanctions (#162). Accordingly, the Court denies Mr. Carter's motions for summary judgment (#141) and for judgment on the pleadings (#153).

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge