```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Charles William Carter,       :

      Plaintiff,           :

    v.                          :        Case No. 2:05-cv-0380

Reginald A. Wilkinson,        :
et al.,                       :        JUDGE MARBLEY

      Defendants.          :

                    REPORT AND RECOMMENDATION

    Defendants Arledge, Barnett, Bell, Callens, Carol, Duncan, Guy, Hammond, Hewitt, Hughes, McGrew, Nichols, Taylor, and Thompson (the "remaining defendants") filed a motion for summary judgment (#171) on May 5, 2010. Plaintiff Charles Carter timely objected to the summary judgment motion. Mr Carter also moved for a second time for judgment on the pleadings (#172). The remaining defendants did not submit a reply memorandum in support of their motion; nor did they oppose the plaintiff's second motion for judgment on the pleadings. For the following reasons, the Court will recommend that the remaining defendants' motion for summary judgment be granted and that Mr. Carter's second motion for judgment on the pleadings be denied.

                I. Mr. Carter's Eighth Amendment Claim

    Mr. Carter seeks damages and other relief arising out of his alleged exposure to second-hand smoke. His sole claim stems from the remaining defendants' alleged violation of his right to be free from cruel and unusual punishment under the Eighth Amendment and is based on the Supreme Court's decision in Helling v. McKinney, 509 U.S. 25 (1993). In Helling, the Supreme Court held that an inmate could state a claim under the Eighth Amendment for

potential harm caused by exposure to environmental tobacco smoke ("ETS").  Id. at 35.

The mere fact that an inmate, even one with a lung condition, is exposed to tobacco smoke in the prison setting is not enough, however, to demonstrate that the inmate's Eighth Amendment right to be free from cruel and unusual punishment has been infringed.  As the Court of Appeals explained in Talal v. White, 403 F.3d 423(6th Cir.2005):

> The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on a prisoner by acting with 'deliberate indifference' to the prisoner's serious medical needs. Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir.2004) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The test for determining deliberate indifference based on exposure to ETS has both objective and subjective components. Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). To satisfy the objective component, a prisoner must show that his medical needs are 'sufficiently serious.' Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The exposure to smoke must cause more than 'mere discomfort or inconvenience.' Id. at 735. Additionally, the prisoner must demonstrate that the risk is one which society deems 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.' Helling, 509 U.S. at 36, 113 S.Ct. 2475. To satisfy the subjective component, a prisoner must show that prison authorities knew of, and manifested deliberate indifference to, his serious medical needs. Id. at 32, 113 S.Ct. 2475.

Talal, 403 F.3d at 426.

    II. Remaining Defendants' Motion for Summary Judgment

The remaining defendants advance three arguments in support of their motion for summary judgment.  First, they contend that Mr. Carter has failed to produce any evidence that he suffered a constitutionally cognizable injury.  Second, they maintain that he has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.  Third, the remaining

defendants maintain that they are entitled to qualified immunity from liability for any damages to the extent any such damages would otherwise have been recoverable.

Mr. Carter responds that the motion for summary judgment is merely a recapitulation of the same arguments that the remaining defendants have made unsuccessfully throughout this litigation and these arguments should therefore be rejected once again.  Mr. Carter further states that the record shows that he has, in fact, exhausted his state remedies many times over.  He also asserts that any request by the remaining defendants for summary judgment should be stayed until they answer his interrogatories and requests for admission (## 122, 123).  Lastly, he contends that the exhibits appended to his complaint and the attachments to his second motion for judgment on the pleadings clearly demonstrate that he was exposed to an unreasonable amount of ETS.

### III. Summary Judgment Standard

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute.  It may be rendered only when appropriate evidentiary materials, as described in Fed.R.Civ.P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464 (1962).  The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).  Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962).  The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any

material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion.

## IV. Analysis

The remaining defendants begin their argument by incorrectly stating that the Court denied Mr. Carter's motion for summary judgment (#141) because he failed to produce evidence of a constitutionally cognizable injury. In fact, the Court denied plaintiff's motion on the basis that he had failed to satisfy the objective component of an Eighth Amendment claim based on exposure to ETS. See Opinion and Order (#170) p. 3. That Mr. Carter has failed to produce evidence of a cognizable injury sounds suspiciously like an argument raised by the remaining defendants in their objection (#136) to the January 8, 2009 Report and Recommendation. In that objection, the remaining defendants first contended that Mr. Carter had failed to show an actual or direct injury, a requirement for Article III standing. Judge Marbley overruled this objection and held that the decision of the Court of Appeals foreclosed any challenge to Mr. Carter's standing. See Order (#138) pp. 2-3. To the extent that the remaining defendants continue to assert this oft-repeated standing argument, their motion for summary judgment is not well-taken.

The remaining defendants also assert that Mr. Carter cannot satisfy the "physical injury" requirement of the PLRA codified at 42 U.S.C. §1997e(e). They had previously raised this argument in their objection to the January 8, 2009 Report and Recommendation, but Judge Marbley declined to consider it because it had been raised for the first time in an objection. Assuming that Mr. Carter cannot show a physical injury for purposes of the PLRA, this fact would bar only compensatory damages, and not nominal or punitive damages. See Calhoun v. DeTella, 319 F.3d 936, 941 (7th Cir.2003)(although §1997e(e) bars recovery of compensatory damages for mental or emotional injuries, statute inapplicable to awards of nominal or punitive damages for Eighth Amendment violation itself). Thus, summary judgment on this basis would not be appropriate.

Although the remaining defendants do not set out their own argument that Mr. Carter has failed to satisfy the objective component of an Eighth Amendment claim, they quote at length language to this effect from this Court's January 19, 2010 Report and Recommendation (#166). They then contend that for the same reason plaintiff's summary judgment motion was denied their motion should now be granted. While the remaining defendants could have done more, they have met their initial burden of informing the Court of this particular basis for their motion and of identifying those portions of Mr. Carter's pleadings and deposition that demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Accordingly, Mr. Carter, in order to defeat the defendants motion for summary judgment, must set out specific facts showing a genuine issue for trial. See Fed. R. Civ. P. 56(e)(2); Anderson, 477 U.S. at 250.

The Court has examined the evidentiary record and concludes that Mr. Carter has failed to come forward with evidence

sufficient to create a genuine issue of fact regarding his Eighth Amendment claim.  With the exception of his deposition, Mr. Carter has made only unsworn allegations or submitted documents which do not tend to prove his claim.   In his deposition, he stated that he has high cholesterol and that he suffered a mini-stroke in 2006.  He denied having heart disease, high blood pressure, or any other chronic medical condition.  He recovered from the mini-stroke within one to two hours, and no similar episodes have occurred since that single incident in 2006.  Mr. Carter testified that he had not been exposed to ETS since March 1, 2009.

Apart from his deposition testimony, nothing appears in the record to substantiate his high cholesterol or the mini-stroke, or cancer.  In his objection to this Court's January 19, 2010 Report and Recommendation, he claimed that he continues to be exposed periodically to ETS despite the prison smoking ban and that his exposure to even one cigarette poses an unreasonable risk of future harm.  See Objection (#168) pp. 4-5.  His positive cancer test allegedly occurred after his deposition was taken, but he has not submitted any medical evidence to support that test result.  Assuming that he does, in fact, suffer from one or more of these conditions, Mr. Carter must still show either a link between ETS and one of these serious medical conditions, see Wilcox v. Lewis, 47 Fed.Appx. 714, 715 (6th Cir.2002), or that the level of ETS to which he was exposed was so high that, irrespective of any specific health condition, the risk of serious damage to his future health was unreasonable, see Green v. Martin, 18 Fed.Appx. 298, 300 (6th Cir. 2001).  See also Palacio v. Hofbauer, 106 Fed.Appx. 1002, 1004 (6th Cir.2004).

Mr. Carter alleges that he is exposed from time to time to second-hand smoke because inmates and corrections officers violate the non-smoking policy in and around his housing unit,

6

but he has not shown that the housing unit contains unreasonably high levels of ETS.  Some exposure to tobacco smoke is a fact of everyday life, and it is not readily apparent that the health or well-being of a person who suffers from high cholesterol or certain types of cancer, or who experienced a mini-stroke is adversely affected by periodic exposure to ETS.  Mr. Carter also has not produced any evidence demonstrating a link between his exposure to ETS and the onset of any of these medical conditions.  For these reasons, no rational jury could find on the present record that Mr. Carter satisfies the objective component of an Eighth Amendment claim based on exposure to ETS.  See Henderson v. Martin, 73 Fed.Appx. 115, 118 (6th Cir.2003).

   Mr. Carter might still be entitled to a continuance of the Court's summary judgment ruling if he could show that he is unable to present facts essential to justify his opposition to the motion without further discovery.  See Fed. R. Civ. P. 56(f).  As the party opposing the defendants' motion, he has the burden to show why more discovery is needed and how a postponement of a summary judgment ruling will enable him to rebut the defendants' showing of the absence of a genuine issue of fact.  See Wallin v. Norman, 317 F.3d 558, 564 (6th Cir.2003)(internal citations omitted).  In the absence of an affidavit explaining the discovery needed, a court is not justified in granting a Rule 56(f) continuance.  Id.

   Mr. Carter did not file a Rule 56(f) affidavit and for that reason alone is not entitled to a continuance of the Court's decision on the remaining defendants' motion for summary judgment.  Even if the Court were to excuse his lack of an affidavit, Mr. Carter has not otherwise shown that the discovery he seeks would enable him to raise a genuine issue of material fact for trial.  Mr. Carter points out that discovery was stayed pending final resolution of the defendants' motion for judgment

7

on the pleadings. See Order (#126) p. 23. On March 30, 2009, Judge Marbley granted in part and denied in part the motion for judgment on the pleadings. See Order (#138) p. 10. At that time, the stay of discovery was lifted. The only discovery Mr. Carter had sought up to that point consisted of interrogatories served on defendants Consuella Henry (#122) and Jeff Lisath (#123). Each of these defendants was dismissed as a result of the March 30, 2009 order, and any obligation on their part to respond to the discovery requests terminated at that time. Since March 30, 2009, it does not appear that Mr. Carter has sought any discovery whatsoever from the remaining defendants. Accordingly, there is no basis for a Rule 56(f) continuance. See Thomas v. Smith, No. 2:08-CV-938, 2010 WL 728209 at *1 (S.D.Ohio Mar. 1, 2010).

   V. Plaintiff's Motion for Judgment on the Pleadings

 A motion for judgment on the pleadings attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir.1979). In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir.1973). Pro se complaints are to be construed liberally in favor of the pro se party. Haines v. Kerner, 404 U.S. 519 (1972).

 A cursory reading of Mr. Carter's latest motion reveals that it is not a true motion for judgment on the pleadings. The motion, in fact, does not even refer to Mr. Carter's complaint or the defendants' answer. Mr. Carter instead cites a Columbus Dispatch editorial which lauds the improvement in inmate health

8

and the associated reduction in health-care costs resulting from the Ohio prison system's smoking ban.  Contrary to his assertion, the fact that inmates in Ohio's thirty-one prisons who suffer from respiratory health problems have shown marked improvement, as a whole, since this ban went into effect does not establish that Mr. Carter himself was exposed to unreasonably high levels of ETS.  The fact that $90,000 was saved on respiratory drugs in the year following imposition likewise does nothing to show the level of Mr. Carter's exposure to ETS.

Mr. Carter also attaches an article published in USA Today which mentioned the fact that in some cases exposure to second-hand smoke in prisons can violate the Eighth Amendment's prohibition of cruel and unusual punishments.  There is no question since Helling that this has been the law, but the article offers nothing in terms of whether Mr. Carter's constitutional rights were violated in this case.

Lastly, Mr. Carter suggests that because he tested positive for cancer in March 2010, the level of ETS to which he was exposed must have been so high that, irrespective of any specific health condition, the risk of serious damage to his future health was unreasonable.  Mr. Carter does not indicate the type of cancer he may have contracted and whether medical science has found a link between that type of cancer and exposure to unreasonably high levels of ETS.  In the absence of such a link, Mr. Carter's positive test for cancer does not prove anything.

Clearly, the articles cited in Mr. Carter's motion and his statement concerning his cancer test are matters outside the pleadings.  Consequently, the Court must construe the motion as one for summary judgment.  See Fed. R. Civ. P. 12(d).  In an earlier report and recommendation (#166), the Court found that Mr. Carter had failed to satisfy the objective component of an Eighth Amendment claim.  This finding was based on the

requirement that Mr. Carter show either a link between ETS and one of his medical conditions, see Wilcox, 47 Fed.Appx. at 715, or that the level of ETS to which he was exposed was so high that, irrespective of any specific health condition, the risk of serious damage to his future health was unreasonable, see Green, 18 Fed.Appx. at 1004. Because Mr. Carter still has not satisfied the objective component of his Eighth Amendment claim under either test, the Court need not consider for the purposes of his motion whether he has established the subjective component of such a claim, i.e., that the defendants knew of, and manifested deliberate indifference to, his serious medical needs. Accordingly, the Court recommends that Mr. Carter's second motion for judgment on the pleadings (#172) be denied.

## VI. Conclusion

Based on the foregoing reasons, the Court recommends that the defendants' motion for summary judgment (#171) be granted and that plaintiff Charles Carter's motion for judgment on the pleadings (#172) be denied.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1)(C).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v.Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                <u>/s/ Terence P. Kemp</u>
                                United States Magistrate Judge