IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles William Carter,           :

     Plaintiff,               :

    v.                         :      Case No. 2:05-cv-0380

Reginald A. Wilkinson,            :
et al.,                           :      JUDGE MARBLEY

     Defendants.              :

<u>OPINION AND ORDER</u>

This matter is before the Court on the Report and
Recommendation issued by the Magistrate Judge on July 22, 2010.
The Magistrate Judge recommended that the motion of defendants
Carol, Nichols, Hammond, Guy, Taylor, Hewitt, Barnett, Hughes,
McCrew, Bell, Taylor, Thompson, Arledge, Duncan, and Callens (the
"remaining defendants") for summary judgment be granted and that
plaintiff Charles William Carter's second motion for judgment on
the pleadings be denied.  On August 4, 2010, Mr. Carter filed a
timely objection in which he asserted that this action should not
be dismissed and that he is entitled to a ruling in his favor on
his Eighth Amendment claim.  For the following reasons, the Court
overrules Mr. Carter's objection (#176) and adopts the Report and
Recommendation (#174) in its entirety.  Accordingly, the
remaining defendants' motion for summary judgment (#171) will be
granted and Mr. Carter's second motion for judgment on the
pleadings (#172) will be denied.

I.

When objections are received to a report and recommendation
on a dispositive matter, the District Judge "must determine de
novo any part of the magistrate judge's disposition that has been
properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review,
the District Judge "may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(1)(C).

## II.

Mr. Carter's objection appears to address only that portion of the Report and Recommendation which analyzes his second motion for judgment on the pleadings. The Magistrate Judge construed that motion as a motion for summary judgment because it referenced matters outside the pleadings. The Magistrate Judge then considered the documents attached to plaintiff's motion, as well as his statement that he had tested positively for cancer. The Magistrate Judge concluded that plaintiff had not established any link between the potential cancer and his exposure to environmental tobacco smoke (ETS) or that the level of ETS exposure was so high that, regardless of any specific health condition, the risk of serious damage to his future health was unreasonable. See Helling v. McKinney, 509 U.S. 25 (1993). Based on this failure of proof, the Magistrate Judge determined that Mr. Carter had not satisfied the objective component of an Eighth Amendment claim and that his motion should therefore be denied.

Mr. Carter first contends that the Magistrate Judge gave insufficient weight to the Columbus Dispatch editorial he attached to his motion. This editorial appeared one year after Ohio had prohibited all forms of tobacco in any of the state's thirty-one prisons. The Dispatch cited a prison health-care workers' report that one out of three inmates suffering from emphysema, bronchitis, and chronic obstructive pulmonary disease had shown marked improvement since the ban went into effect. The number of inhalers which the Ohio Department of Rehabilitation and Correction needed to purchase had also been significantly reduced. Overall, the state had saved $90,000 on respiratory

2

drugs.  The Magistrate Judge pointed out, however, that none of these beneficial effects showed that plaintiff had been exposed to unreasonable levels of ETS.  After all, there is no evidence that he even suffers from a respiratory disease.

Mr. Carter argues that the actual number of state prisons which would have been affected by the ban was far fewer than thirty-one.  He bases this contention on the fact that many institutions already had smoking bans in place before the general prohibition went into effect.  He also maintains that based on his own experience and the experiences of two other inmates at least three additional facilities adequately enforced their designated smoke-free areas and that those inmates with respiratory illnesses would have been housed in these areas.

Even if the improvement to inmate health and the resulting cost reductions are attributable to just nineteen prisons, as suggested by Mr. Carter, there is still no showing that he was exposed to an unreasonable level of ETS.  Consequently, this portion of his objection is without merit.

Mr. Carter next argues that the affidavit of John W. Forester which he attached to his objection shows that tobacco and smoking were permitted in 6A housing during the time he was there.  In addition to the statements in the affidavit, Forester allegedly told plaintiff that Forester's cell mate had gone to the sergeant's office, lit a cigarette, and blew smoke in the sergeant's face in order to be transferred out of the unit.  Mr. Carter also reminded the Court that he had previously submitted three other affidavits as part of Doc. 39.

This Court ordinarily would not consider the Forester affidavit because it was not presented in the first instance.  See United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992)(matters first raised in objection to magistrate judge's report and recommendation not properly before district court).

The Court also would not consider the out-of-court statement allegedly made by Forester because it is inadmissible as hearsay. See Fed. R. Evid. 801(c) and 802; Daily Press, Inc. v. United Press Int'l, 412 F.2d 126, 133 (6th Cir.), cert. denied, 396 U.S. 990 (1969)(hearsay evidence cannot be considered on motion for summary judgment).

Even if Forester's statements were considered, they would merely establish that smokers were improperly housed in Unit 6A which was designated as smoke-free.  The three affidavits appended to plaintiff's January 17, 2006 filing (doc. 39) evidence more of the same.  None of the statements, however, in any way speaks to the level of exposure to ETS that Mr. Carter experienced.  Consequently, they are of no value to Mr. Carter in establishing the objective component of his Eighth Amendment claim.

Mr. Carter's third point concerns his cancer screening for which he allegedly tested positive.  He attaches a test result which actually shows that his PSA level had decreased from 7.8 to 6.6 and indicates that a follow-up test will be administered in six months.  There is no evidence to suggest that either reading demonstrates a likelihood that he has contracted cancer.  More importantly, Mr. Carter has provided no medical evidence to suggest a connection between this type of cancer (presumably prostate) and his exposure to ETS.

Mr. Carter apparently believes that the remaining defendants bear the burden of proving that his alleged cancer is not connected to ETS.  Such is clearly not the case.  See Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir.1994) (plaintiff must prove by preponderance of evidence both objective and subjective components of Eighth Amendment claim).  Here, Mr. Carter did not establish a connection between his exposure to ETS and his alleged cancer.  See Wilcox v. Lewis, 47 Fed.Appx. 714, 715 (6th

Cir.2002), <u>cert. denied</u>, 540 U.S. 831 (2003)(plaintiff failed to show link between ETS and colon cancer). In fact, he did not offer any scientific, statistical, or any other type of evidence as to the seriousness of any potential harm or the likelihood that he will suffer a future injury to his health caused by exposure to ETS. Without such evidence, a plaintiff cannot satisfy the objective component of an Eighth Amendment claim based on ETS. <u>Pryor-El v. Kelly</u>, 892 F.Supp. 261, 267 (D.D.C. 1995).

Lastly, Mr. Carter maintains that society presently deems any level of involuntary exposure to ETS as a risk "so grave that it violates contemporary standards of decency." <u>See Helling</u>, 509 U.S. at 36. He bases this argument on the fact that "community after community" has enacted laws and ordinances to prohibit all smoking in restaurants, bars, and public buildings. He points to proposed legislation that would prohibit smoking even in private automobiles where children are present. Thus, in his opinion, contemporary society views even fleeting exposure to ETS as intolerable.

This argument finds little or no support in the relevant case law. Societal attitudes toward smoking have doubtlessly changed since <u>Helling</u> was decided. However, a prison is still not required to provide a totally smoke-free environment for prisoners who are not suffering from a serious respiratory condition. <u>See Powers v. Snyder</u>, 484 F.3d 929, 932 (7th Cir.2007). A "normal" prisoner must prove that he is being exposed to unreasonably high levels of ETS. <u>Id</u>. (citing <u>Helling</u>). The exposure must cause more than mere discomfort or inconvenience. <u>Talal v. White</u>, 403 F.3d 423, 426 (6th Cir.2005). Because Mr. Carter has not shown that he himself has been exposed to unreasonably high levels of ETS, he has failed to establish the objective component of his Eighth Amendment claim. Thus, the

5

Magistrate Judge correctly determined that he was not entitled to summary judgment.

                                    III.

While it was arguably not required to do so in light of plaintiff's limited objection, the Court also conducted a de novo review of that portion of the Report and Recommendation which advocates the granting of the defendants' summary judgment motion.  Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure.

Summary judgment is proper if "there is no genuine issue of material fact [such that] the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  But "summary judgment will not lie if the ... evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, a court must construe the evidence in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The movant therefore has the burden of establishing that there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23; Barnhart v. Pickrel, Schaeffer & Eberling Co., 12 F.3d 1382, 1388-89 (6th Cir.1993).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.  But the non-moving party "may not rely merely on allegations or denials in its own pleading." Fed.R.Civ.P. 56(e)(2); see Celotex, 477 U.S. at 424; Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir.1994).  The non-moving party must present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." Moore v. Philip Morris Cos., 8 F.3d 335, 339-40 (6th Cir.1993).

                                     6

In its earlier decision (doc. 170) denying plaintiff's motion for summary judgment, the Court determined that Mr. Carter had failed to prove that he was exposed to unreasonably high levels of ETS and that the risk of future harm was "so grave that it violate[d] contemporary standards of decency to expose *anyone* unwillingly to such a risk." Helling, 509 U.S. at 35. Accordingly, he did not satisfy the objective component of his Eighth Amendment claim.  The Court has reaffirmed that decision today.  The remaining defendants contend, in part, that they are entitled to summary judgment based on the same reasoning used by the Court to deny plaintiff's motion for summary judgment.

The Court agrees with the Magistrate Judge that the remaining defendants met their initial burden of providing the basis for their motion and identifying those portions of Mr. Carter's pleadings and deposition that demonstrate that there are no genuine issues of material fact. See Celotex, 477 U.S. at 323.  Mr. Carter, therefore, could not simply rely on the allegations in his complaint, but was required, by way of affidavit or as otherwise provided by Rule 56, to set out specific facts showing a genuine issue for trial.  Fed.R.Civ. 56(e)(2); Anderson, 477 U.S. at 250.

The affidavits and exhibits relied upon by Mr. Carter, construed in the light most favorable to him, establish that he was exposed to ETS, even when assigned to a "smoke-free" unit. From that evidence, however, there is no way to determine or infer his level of exposure to ETS.  Under these circumstances, Mr. Carter has not shown a genuine issue for trial as to whether he was exposed to unreasonably high levels of ETS.

Mr. Carter's deposition testimony shows that he has high cholesterol and suffered a mini-stroke in 2006.  An attachment to his objection shows that he underwent a PSA test to screen for prostate cancer on July 7, 2010, and that he scored 6.6, down

7

from a previous high of 7.8.  There is no medical evidence to substantiate his high cholesterol, mini-stroke, or cancer. Assuming, nevertheless, that he does suffer from one or more of these serious medical conditions, Mr. Carter must still demonstrate a link between his exposure to ETS and that condition.  Wilcox, 47 Fed.Appx. at 715.

The Court determines that Mr. Carter has not submitted evidence of a connection between his exposure to ETS and one of his medical conditions sufficient to show a genuine issue for trial.  In the absence of any evidence concerning his level of exposure to ETS or that such exposure has resulted in a serious health problem, Mr. Carter cannot establish the objective component of his Eighth Amendment claim.  Because he must establish both the objective and subjective components of such a claim in order to prevail on such a claim, see Brooks, supra, it is not necessary for the Court to determine whether there is a genuine issue of fact as to whether one or more of the remaining defendants were deliberatively indifferent to his medical needs by failing to enforce the tobacco ban in his designated "smoke-free" unit.  The remaining defendants are entitled to judgment as a matter of law.

IV.

Based on the foregoing reasons, the Court overrules Mr. Carter's objection (#176) and adopts the Report and Recommendation (#174) in its entirety.  Accordingly, the Court grants the remaining defendants' motions for summary judgment (#171) and denies plaintiff's second motion for judgment on the pleadings (#172).  The Clerk shall enter final judgment in favor of the defendants.

  s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge

8